1  **Meir J. Westreich [CSB 73133]**
   **Attorney at Law**
2  **221 East Walnut, Suite 200**
   **Pasadena, California 91101**
3  **626.676.3585**
   **meirjw@aol.com**
4

5  **Attorney for Defendant**

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    ) Case No.  2:25-CR-00540-JLS
                                 )
12                   Plaintiff,  ) **MOTION TO SET HEARING TO**
                                 ) **DETERMINE COMPETENCY;**
13                               ) **SUPPORTING DECLARATION,**
    v.                           ) **MEMORANDUM & EXHIBITS**
14                               )
    EDWARD HELDMAN III,          )
15                               ) **Hon.    Josephine L. Staton**
                                 )
16                   Defendant.  ) Change of Plea:
                                 )   Date:        October 23, 2025
17                               )   Time:        1:30 / 3:00 p.m
                                 ) Pretrial Conference:
18                               )   Date:        October 24, 2025
                                 )   Time:        8:30 a.m.
19                               ) Jury Trial:
                                 )   Date:        November 4, 2025
20                               )   Time:        9:30 a.m.

21  _____

22         Motion to Set Hearing to Determine Competency of Defendant Edward

23  Heldman III, in connection with constitutional waivers and  decisions in connection

24  with calendared date for change of plea, is hereby made by his counsel; with

25  concomitant suspension of proceedings in connection therewith.  The Motion  is

26  made on the following grounds:

27

28         1. Prescribed  psychotropic  medication  issues  have  resulted  in  a  mental

competency problem requiring defense counsel to make the requisite assertions and invoke the statute governing same.

2.  As reported in an earlier filing, a problem has surfaced with Defendant that was not extant when he signed off on the plea agreement, nor when he was arraigned and agreed to the full range of pretrial release conditions, wherein – on each occasion – undersigned joined.  It started when initially misguided and incompetent efforts were commenced to get him off of the medications [Exhibit A (two are psychotropic)].

a.  Now they are causing severe problems complicated by the fact that one cannot stop them suddenly, and they conflict; and there are problems with dosage and negative interactions; and further complicated by differing dosage prescriptions by differing treating professionals. The result is severe sleep and eating disorders that magnify his day to day emotional and coping state.

b.  These include severe Rx problems from multiple often conflicting mind-altering drugs, in widely varying schedules and dosages, with severe consequences in conjunction with his mental symptoms and syndromes, including debilitating, prolonged  migraine headaches, sleeplessness followed by extended exhaustion, radical mood-swings, followed by withdrawal problems when dosages are reduced.

3.  During suspended proceedings and setting a date for a competency hearing, Defendant should remain under the same release conditions, given the existing release record and his strong ties to his community as sole caretaker for his 80-year old mother, aggravated by the current emergency under which a plumbing repair blew up in full flooding in last few days, and Defendant and his mother are staying in a hotel [she is alone there now].  No issues have arisen since the preceding PTS filed reports.

The motion is made based on the following declaration, with attached exhibits; and the following memorandum.

Dated: October 22, 2025

/s/ Meir J. Westreich

_____

Meir J. Westreich
Attorney for Defendant

### DECLARATION OF MEIR J. WESTREICH

1.  I am attorney of record for Defendant herein.

2.   Defendant hereby submits his Motion to Set Hearing to Determine Competency of Defendant Edward Heldman III, in connection with constitutional waivers and  decisions in connection with calendared date for change of plea, is hereby made by his counsel; with concomitant suspension of proceedings in connection therewith, and further request re necessity of personal appearance due to home emergency.

**A.     INTRODUCTION**

3.  An important aspect of the plea agreement fully understood by all was that calendaring needed to accommodate practical calendar considerations of  Heldman: he resides in Arizona, attends intensive rehab programs, and due to certain Rx medications[1] he has been taking under supervision of doctors and psychiatrists – documented prior to the plea agreement and ongoing in varying types and dosages – he must travel by car on the preceding day and be accompanied by a caretaker whose calendar is an issue given the roughly two day commitment involved.

4.  The volunteer caretaker involved – Frank Cartledge, a retired career marine who currently has a Christian Ministry that serves the poor and homeless – drove Defendant to his arraignment and will do so to subsequent appearances.  This is a professional arrangement and he schedules accordingly for the 7+ hour drive from Scottsdale AZ, Mr Heldman's longtime home with his 80-year old mother.  Defendant – largely indigent – has no other recourse for the long drive, caretaking, and

_____

[1]  Clonazepam [anxiety disorder]; Depakote [Bipolar 1]; DamnAmlodipine [high blood pressure].

necessary two day commitment.

5.  Based on the original 3:00 pm setting for 10.23.25, the caretaker-driver schedule entails him transporting Mr Heldman the same day (unlike earlier 8:30 am setting when he drove preceding day).  He is accommodating the change to 1:30 p.m.

6. A further complication arose in last few days when a recent plumbing repair went badly awry, with massive flooding in the entire residence with massive water damage to the residence and personal property, forcing Mr. Heldman and his 80-year old mother to a hotel as of yesterday during [fortunately] warranty repairs for probably a week or more; and where his mother will be alone during most of his absence.

## 2.    DEFENDANT'S MENTAL CAPACITY

7. Prescribed psychotropic medication issues have resulted in a mental competency problem requiring defense counsel to make the requisite assertions and invoke the statute governing same.

8. As reported in an earlier filing, a problem has surfaced with Defendant that was not extant when he signed off on the plea agreement, nor when he was arraigned and agreed to the full range of pretrial release conditions, wherein – on each occasion – I joined.   It started when initially misguided and incompetent efforts were commenced to get him off of the medications [Exhibit A (two are psychotropic)].

a.  Now they are causing severe problems complicated by the fact that one cannot stop them suddenly, and they conflict; and there are problems with dosage and negative interactions; and further complicated by differing dosage prescriptions by differing treating professionals. The result is severe sleep and eating disorders that magnify his day to day emotional and coping state.

b.  These include severe Rx problems from multiple often conflicting mind-altering drugs, in widely varying schedules and dosages, with severe consequences in conjunction with his mental symptoms and syndromes, including debilitating, prolonged  migraine headaches, sleeplessness followed by extended

exhaustion, radical mood-swings, followed by withdrawal problems when dosages are reduced.

9. The shifting providers with varying and contradictory prescriptions and treatment recommendations complicated the process of securing a single provider to issue a requisite mental status report.

10. Until recently my client was being treated by a Affordable Care Act professional, who is not an MD, and who has also diagnosed him as having a bipolar disorder. [Exhibit A].

11. As of last week, my client, seeking stability and better coordinated and mre professional care, and with new assistance from a friend, attended two MD psychiatrists [Arizona is different from California in this regard] – Dr. Mrgan Zingsheim and Dr. Karl Marku – and Dr. Marku has now taken over his care, including administration of medication regimens.

12. I spoke with Dr. Marku. He reports that the symptoms for the current medication issues mimic symptoms of the recently diagnosed bipolar disorder, including the wide mood swings; and he believes that once the medication issues are stabilized – it must be gradual and likely requires 6-8 weeks – determination can be made whether he suffers from bipolar disorder.

13. Meanwhile, as I first reported in my earlier filing, under the current situation I do not believe I can ethically engage my client to make competent key client decisions in this or a even a companion civil appeal from orders in the underlying civil action; and I do not believe that I can ethically and competently do so until these medication issues and their effects are stabilized.

14. Clearly, the latter has significant implications re Defendant's legal ability to make requisite legal decisions and waivers in a change of plea, which counsel must ethically and competently join, until that stabilization occurs. Any such actions would otherwise be of dubious validity, even assuming one can get over the attorney

1  ethical barriers.  *See Cooper v. Oklahoma*, 517 U.S. 348 (1996); *Godinez v. Moran*,
2  509 U.S. 389 (1993)

3       15.  Indeed, standing in Court at this moment, I could not join in any waiver of
4  substantial rights or consent thereto; nor do I anticipate a sufficient change until at
5  least the 6-8 week period per Dr. Marku.

6       16.  Hence, I am making the motion under 18 U.S.C. §4241.

7       17.  However, since the current condition may be temporary, a suspension
8  order can be paired with a status review n 6-8 weeks.

9       18.  Defendant's Medical Exhibits A-D are attached.  Exhibit A is a true and
10  correct copy of a report with cover e-mail from its issuing provider October 6, 2025.

11       19.  These Exhibits show Defendant's rehab schedule [intensive 4-5 hour
12  sessions with the "Recovia" program, 2-3 times per week] and the treatment and
13  medication regimens.

14       20.  Exhibit D is a certificate of the intensive  rehab provider (Recovia), a
15  Certificate of Completion [Recovia, Phase 1] showing recent completion of the first
16  intensive phase; as were evidence of his current  Rx medications [Exhibits D and
17  Exhibits A-C].

18       21.  The government has been fully aware of this issue since the previous
19  filings 18 days ago.

20       22.  Emergency circumstances and the need to suspend proceedings and set a
21  date for a competency hearing militate against any need for an appearance by
22  Defendant at this time, who should remain under the same release conditions, given
23  the existing release record and his strong ties to his community as sole caretaker for
24  his 80-year old mother.

25       I declare under penalty of perjury that the above is true and correct.  Executed
26  on October 22, 2025 at Los Angeles, California.

27                                 S/ Meir J. Westreich

28                                 _____
                                 Meir J. Westreich

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under 42 U.S.C. 4241(a), at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant,  the defendant or his attorney may file a motion for a hearing to determine the mental competency of the defendant. The court shall order such a hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

> "[T]he defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, she has a professional duty to do so when appropriate. [Citations omitted]. . . .
>
> "....
>
> "Defense counsel should move for evaluation of the defendant's competence to stand trial whenever the defense counsel has a good faith doubt as to the defendant's competence. If the client objects to such a motion being made, counsel may move for evaluation over the client's objection. In any event, counsel should make known to the court and to the prosecutor those facts known to counsel which raise the good faith doubt of competence."

*United States v. Boigegrain*, 155 F.3d 1181, ____ (10th Cir. 1998).

The averments in the declaration of counsel  clearly have significant implications re Defendant's legal ability to make requisite legal decisions and waivers in a change of plea, which counsel must ethically and competently join, until that stabilization occurs.  Any such actions would otherwise be of dubious validity, even assuming one can get over the attorney ethical barriers.  *See Cooper v. Oklahoma*, 517 U.S. 348 (1996); *Godinez v. Moran*, 509 U.S. 389 (1993).

1    A pragmatic approach is called for in this case.  If Dr. Marku is correct, this

2    issue will resolve in 6-8 weeks.

3    Dated: October 22, 2025                    Respectfully submitted,

4                                                            /s/ Meir J. Westreich

5    _____

6    Meir J. Westreich
     Attorney for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Today 9:50 AM

**FILE_7083.pdf**
PDF Document · 45 KB

Thanks 👇

Delivered

iMessage

ROY EVANS PMHNP
7545 WEST REDBIRD RD
PEORIA AZ 85383

PHONE: 480-510-1599
FAX: 623-258-4136


EDWARD HELDMAN
DOB 9/28/1972

I have been following this client starting 5/7/2025

I have been prescribing Clonazepam and Depakote.

Diagnosis:
Benzodiazepine Dependence
Anxiety Unspecified
Bipolar Unspecified
Alcohol Abuse and Dependence.

Client has been seen weekly last month and most months except when seen by other providers seeking a second opinion.

He has been attending appointments as scheduled including obtaining labwork.

Roy Evans PMHNP




# EXHIBIT B

**MEDICAL / Rx TABLE**

| PROVIDER | MEDICATION | CURRENT |
|---|---|---|
| Mohammed Jamil, MD, PCP | amLODOPine, Clozanepam, Lorezapam | X |
| Roy Evans, PMHNP, Psych | **Clozanepam, Divalproex** | X [Exhibit A] |
| Victor Aire Oahimire, PA | **amLODOPine,** Clozanepam, Clonodine | X |
| Jun Zhong, MD, Psych | Clozanepam, Neltrexam, Antebuse | |
| John Samaan, MD, Psych | Librium | |
| Rse McKinney, MD, Psych | Lorezapam | X |
| Ledsha Flyd, APN | Recovia Rehab Program, Phase 1 [completed]; Phase 2 [in progress] | X Exhibit D |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

# EXHIBIT B

# EXHIBIT C







# EXHIBIT D

